**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MODESTO BONILLA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ,** | : | **NO.  19-3725** |
| **Defendant.** | : | |

**DuBois, J.**                                                   **January 21, 2021**

## M E M O R A N D U M

### I.      INTRODUCTION

Plaintiff Modesto Bonilla commenced this action against his employer, defendant City of Philadelphia, alleging discrimination based on his religion and disability.  Plaintiff also claims that defendant retaliated against him for requesting time off on Sundays to attend church and asking for light duty as a result of a back injury.

Presently before the Court is defendant's Partial Motion to Dismiss for Failure to State a Claim.  For the reasons set forth below, the motion is denied.

### II.      BACKGROUND

The facts as alleged in the Second Amended Complaint, accepted as true for purposes of this motion, are as follows: Beginning in December 2007, defendant "employed the Plaintiff as a Tow Truck Operator for the Philadelphia Police Department."  Sec. Am. Compl. ¶ 5.  Plaintiff is a devout Christian.  *Id*. ¶ 7.  On a number of occasions during his employment by defendant, plaintiff "would choose to attend church on Sundays."  *Id*. ¶ 10.

#### A.  Alleged Discrimination and Retaliation

Plaintiff alleges that, since December 2017, his supervisors routinely discriminated against him based on his religion.  *Id*. ¶ 7.  His supervisors "have referred to [him] as 'the guy

who works for God'" and "make jokes and/or actually assign [him] undesirable work assignments because 'the guy who works for God' never says no . . . ." *Id.* ¶¶ 8, 9.  "[W]hen Plaintiff would choose to attend church on Sundays," his supervisors "would attempt to coerce [him] to work instead by saying 'God wants you to work overtime instead of going to church,' and 'God wants you to make more money for the tithe.'" *Id.* ¶ 10.  According to plaintiff, his supervisors "forced [him] . . . to forego attending church on Sunday, on at least three (3) occasions." *Id.*  Plaintiff claims this discrimination was caused by defendant's failure "to properly train [its employees] as to the proper accommodation and/or respect for an employee's free exercise of religion." *Id.* ¶ 96.

Plaintiff also suffers from lower back pain relating to a back injury. *Id.* ¶ 7.  "On or about November 14, 2018, the Plaintiff requested light duty [work] due to a lower back injury and his doctor's recommendation." *Id.* ¶ 11.  Plaintiff's supervisors denied his request. *Id.* ¶ 12.  Plaintiff claims that, "in specific retaliation for [the] accommodation request" and because "the guy who works for God never says no," his supervisors: (a) "assigned [him] to lift heavy motorcycles and ATV's from a truck and/or assigned him to [install] traffic barricades"; and (b) rendered inaccessible the only chair in defendant's office "in which [plaintiff] is able to sit comfortably" by "intentionally barricad[ing] the chair behind lots of office and/or towing equipment." *Id.* ¶¶ 12, 14, 71.

Plaintiff worked as a Tow Truck Operator in defendant's Tow Squad. *Id.* ¶ 8.  "Plaintiff has notified Lt. Michael Anderson, who is in charge of the Defendant's Tow Squad, about all of the aforementioned" conduct, and requested accommodation for his lower back injury and

2

cessation of the religious discrimination.  *Id.* ¶ 16.  Plaintiff's requests "have been routinely ignored."[1]  *Id.*

### B.  EEOC Charge

On April 2, 2019, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC").  Sec. Am. Compl. Ex. A.  The EEOC charge states that defendant "used [plaintiff's] Christianity against him," and defendant's officers "continuously make jokes about giving the guy who works for God undesirable work assignments because he never says no."  *Id.*  In the part of the EEOC charge which inquired about the nature of the claimed discrimination plaintiff checked the boxes for "disability," "religion," and "retaliation." *Id.*

### C.  The Present Action

Plaintiff initiated the present action on August 18, 2019.  He filed an Amended Complaint on March 26, 2020, and a Second Amended Complaint on July 2, 2020.  Plaintiff's Second Amended Complaint asserts the following claims: religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count 1); hostile work environment under Title VII (Count 2); retaliation under Title VII (Count 3); interference with plaintiff's religion under 42 U.S.C. § 1983 (Count 4); inadequate policies, procedures, and customs under § 1983 (Count 5); inadequate training and supervision under § 1983 (Count 6); violation of the Americans With Disabilities Act (Count 7); and violation of the Pennsylvania Human Relations Act (Count 8).

---

[1]   Plaintiff also alleges in the Second Amended Complaint that, on or about March 14, 2019, his "police vehicle was vandalized, and his personal effects were stolen . . . by a co-employee at the Police Department."  Sec. Am. Compl. ¶ 19.  Plaintiff does not state that he notified Lt. Anderson of this incident.

On July 31, 2020, defendant filed a Partial Motion to Dismiss for Failure to State a Claim.  In its motion, defendant requests dismissal of Counts 1, 3, 4, 5, and 6.  Plaintiff filed his response on September 9, 2020.  The motion is thus ripe for decision.

## III.    LEGAL STANDARD

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint.  *Liou v. Le Reve Rittenhouse Spa, LLC*, No. 18-5279, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (DuBois, J.).  To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007).  Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680.  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

IV.     DISCUSSION

A.  Religious Discrimination (Count 1)

In its motion, defendant argues Count 1 of the Second Amended Complaint should be dismissed because plaintiff "does not plead that he was disciplined for failing to comply with a requirement from his employer that conflicted with his religious beliefs or practices."  Def.'s Mot. at 1.

Title VII prohibits employers from discriminating against "any individual" based on "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  To state a claim for religious discrimination under Title VII, a plaintiff must allege "(1) [he] holds a sincere religious belief that conflicts with a job requirement; (2) [he] informed [his] employer of the conflict; and (3) [he] was disciplined for failing to comply with the conflicting requirement."  *Webb v. City of Phila.*, 562 F.3d 256, 269 (3d Cir. 2009).

Plaintiff has sufficiently alleged religious discrimination under Title VII.  First, he alleges that he is a "devout Christian," and this conflicted with defendant's attempt "to force him . . . to work on Sundays."  Sec. Am. Compl. ¶ 90.  Second, he alleges that he informed defendant of the conflict.  Third, plaintiff alleges that he was disciplined through "undesirable work assignments," including an assignment to lift heavy motorcycles and ATVs, because of his religious beliefs.  *Id*. ¶¶ 9, 12.  Finally, plaintiff alleges that his supervisors attempted to force him to forego attending church on Sundays by stating: "God wants you to work overtime instead of going to church," and "God wants you to make more money for the tithe."  *Id*. ¶ 10.  Based on these allegations, defendant's motion is denied to the extent it seeks dismissal of Count 1 of the Second Amended Complaint.

### B.  Retaliation (Count 3)

In its motion, defendant argues plaintiff's Title VII retaliation claim "should be dismissed because [plaintiff] did not exhaust his administrative remedies."  Def.'s Mot. at 1.  Defendant contends that plaintiff's EEOC charge "makes no mention of retaliation whatsoever."  *Id*. at 6.

To state a claim for retaliation under Title VII, a plaintiff must allege that "(1) [he] engaged in a protected employee activity, (2) [his] employer took an adverse employment action after or contemporaneous with [his] protected activity, and (3) a causal link exists between the [plaintiff's] protected activity and the employer's adverse action."  *Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 286 (3d Cir. 2001).  A plaintiff's request to accommodate his religious beliefs constitutes a protected activity under Title VII.  *Jenkins v. N.Y.C. Transit Auth.*, 646 F. Supp. 2d 464, 473 (S.D.N.Y. 2009).

"As a precondition to bringing suit under Title VII . . . a plaintiff must exhaust a claim by presenting it in an administrative charge to the EEOC."  *Weems v. Kehe Food Distributors, Inc.*, 804 F. Supp. 2d 339, 341 (E.D. Pa. 2011).  The test for exhaustion of administrative remedies in the Third Circuit is "whether the acts alleged in the subsequent suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  *Id.* at 342.

In his April 2, 2019 EEOC charge, plaintiff checked the box for "retaliation."  The EEOC charge, like the Second Amended Complaint, states that plaintiff requested "not to work overtime so that he can attend church."  Sec. Am. Compl. ¶ 10, Ex. A.  Such a request to attend church constitutes a protected activity under Title VII.  *Jenkins*, 646 F. Supp. 2d at 473.  Furthermore, like the Second Amended Complaint—which states that plaintiff received "undesirable work assignments" because of his religious beliefs—the EEOC charge states that defendant's officers made jokes about "giving the guy who works for God undesirable work

assignments."  Sec. Am. Compl. ¶ 9, Ex. A.  Plaintiff's retaliation claim is therefore "fairly

within the scope" of his EEOC charge.  *Weems*, 804 F. Supp. 2d at 342.  Accordingly,

defendant's motion is denied to the extent it seeks dismissal of Count 3 of the Second Amended

Complaint.

### C.  Section 1983 Liability (Counts 4–6)

Defendant contends that Counts 4, 5, and 6 of the Second Amended Complaint fail to

state a claim under 42 U.S.C. § 1983 because plaintiff "does not state any [municipal] policy or

custom [] that was the moving force behind a constitutional violation."  Def.'s Mot. at 1.

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), "a municipality can only be

liable under Section 1983 when a constitutional injury results from the implementation or

execution of an officially adopted policy or informally adopted custom."  *Wilson v. City of

Phila.*, 177 F. Supp. 3d 885, 908 (E.D. Pa. 2016) (citing *Monell*, 436 U.S. at 694).  Therefore, a

§ 1983 claim against a municipal entity requires "(1) a constitutional violation by a municipal

actor that (2) was caused by a municipal policy or custom."  *Boyle v. City of Phila.*, No. 17-262,

2020 WL 4459131, at *9 (E.D. Pa. Aug. 4, 2020) (DuBois, J.) (citing *Monell*, 436 U.S. at 694).

Plaintiff alleges that defendant violated his First Amendment right to free exercise of

religion, and defendant does not argue otherwise.  Therefore, the Court focuses its analysis on

whether plaintiff sufficiently alleged that his constitutional injuries were caused by a municipal

policy or custom.

### 1.  Acquiescence to Well-Settled Custom (Counts 4 and 5)[2]

Policy is made when a final policymaker issues an "official proclamation, policy, or

edict."  *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Pembaur v. City of

---

[2]  Counts 4 and 5 both seek relief against defendant under 42 U.S.C. § 1983.  In their briefs, both parties address these Counts together.

*Cincinnati*, 475 U.S. 469, 481 (1986)).  In contrast, a custom requires a final policymaker's

"knowledge of, and acquiescence to" a course of conduct that is "so well-settled and permanent

as virtually to constitute law."  *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Whether an official is a final policymaker "is a question of state law."  *Pembaur*, 475

U.S. at 483; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) ("[T]he identification of

policymaking officials is a question of state law.").  Thus, an official is a final policymaker "only

if, under the operative state law, he or she has final policy-making authority."  *Middleton v.*

*Deblasis*, 844 F. Supp. 2d 556, 568 (E.D. Pa. 2011) (DuBois, J.).

Plaintiff alleges that Lt. Anderson was "in charge of the Defendant's Tow Squad."  Sec.

Am. Compl. ¶ 16.  Neither party cites any authority under state law on the question of whether

Lt. Anderson is a final policymaker for defendant.  At this stage of the proceedings and absent

briefing by the parties on this issue, the Court concludes that plaintiff sufficiently alleged that Lt.

Anderson was a final policymaker for defendant.  *See Simonds v. Del. County*, No. 13-7565,

2015 WL 289974, at *3 (E.D. Pa. Jan. 21, 2015) ("[A]bsent briefing by the parties on this

question, I will not find as a matter of law that [defendant's employee] was not a final

policymaker.").

Plaintiff also sufficiently alleges that Lt. Anderson "acquiesce[d] in a well-settled

custom" of religious discrimination, which caused plaintiff's injuries.  *Bielevicz*, 915 F.2d at 850.

According to plaintiff, based on his religious beliefs, his supervisors: (a) made jokes;

(b) "assign[ed] [him] undesirable work assignments," including assignments to install traffic

barricades and "lift heavy motorcycles and ATV's"; (c) forced him to "forego attending church

on Sunday, on at least three (3) occasions"; and (d) rendered inaccessible the only chair "in

which [plaintiff] is able to sit comfortably."  Sec. Am. Compl. ¶¶ 9, 10, 12, 14, 71.  Plaintiff also

claims that he "notified Lt. Michael Anderson . . . about all of the aforementioned" conduct, and

his requests for cessation of this conduct "have been routinely ignored." *Id*. ¶ 16.

For all of the foregoing reasons, defendant's motion is denied to the extent it seeks

dismissal of Counts 4 and 5 of the Second Amended Complaint.

2.   Failure to Train or Supervise (Count 6)

A plaintiff may also state a claim under *Monell* where the alleged policy or custom

"concerns a failure to train or supervise municipal employees" if the plaintiff alleges "that the

failure amounts to a deliberate indifference to the rights of persons with whom those employees

will come into contact." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999). "[W]hen

city policymakers are on actual or constructive notice that a particular omission in their training

program causes city employees to violate citizens' constitutional rights, the city may be deemed

deliberately indifferent if the policymakers choose to retain that program." *Connick v.*

*Thompson*, 563 U.S. 51, 61 (2011).

First, plaintiff has sufficiently alleged a deficiency in defendant's training or supervision

of its employees.  Plaintiff states that defendant "failed to properly train [its employees] as to the

proper accommodation and/or respect for an employee's free exercise of religion."  Sec. Am.

Compl. ¶ 96.  Plaintiff further claims that defendant "fostered and encouraged" an "offensive

work environment . . . by allowing [its] employees to dismiss Plaintiff's complaints" regarding

religious discrimination.  *Id*. ¶ 31.

Second, plaintiff has sufficiently alleged that the deficient training or supervision caused

his injuries.  Plaintiff alleges that "[a]s a result of [defendant's] inadequate training and

supervision, [plaintiff's] supervisors and/or co-employees used an excessive and unconstitutional

amount of interference with [plaintiff's] right to free exercise of his religion."  *Id*. ¶ 98.

Finally, plaintiff has sufficiently alleged that defendant's failure to train or supervise its employees "amounts to deliberate indifference." *Carter*, 181 F.3d at 357.  Plaintiff claims that he notified Lt. Anderson about a number of instances of religious discrimination, and his requests for cessation of the discrimination "have been routinely ignored."  Sec. Am. Compl. ¶ 16.

For all of the foregoing reasons, defendant's motion is denied to the extent it seeks dismissal of Count 6 of the Second Amended Complaint.

## V.    CONCLUSION

Defendant's Partial Motion to Dismiss for Failure to State a Claim is denied.  An appropriate order follows.